Nash, J.
The most important question involved in this case is this. A judgment has been obtained in a court-of common pleas and it is involved by proceedings in error in the supreme court. Does section 2734 Rev. Stats., require the listing of such a judgment for taxation ? This section requires the listing of all credits due or owing from any person" or persons, body corporate or politic. By section 2730 Rev., Stats., the word “ credits ” is held “ to mean the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or service due or to become due to the person liable to pay taxes thereon * * * (estimating every such claim or demand at its true value in money), over and above the sum of legal Iona fide debts owing to such person.”
Surely when a legal claim is reduced to judgment although there is alleged error in so doing, it does not so lose its taxable character as to excuse its owner from returning it for taxation at its true value. When he does not do so the county auditor acting under the authority conferred by sections 2781 and 2782, Rev. Stats, may place it upon the tax duplicate. In the case of Bank v. Hines, 3 Ohio St., 1, it was held that choses in action must be listed for taxation. Every reason requiring this tó be done applies with equal force to such a judgment as the one we are now considering.
But such judgment should be listed at its true value at the time of listing. In the opinion in the case just referred to, 3 Ohio St., 25, it was correctly said: “In estimating the taxable valuation of credits, they are not to be taken at their nominal amount, but like the valuation of other property, every circumstance affecting, in any manner, their value *535 should be taken into consideration. If the debtor be wholly insolvent, the credit is of no value, and therefore has no basis for taxation. If the debtor be in doubtful or failing circumstances, if the claim be disputed, contested, or involved in litigation, or if any defense by way of payment, or otherwise, either in whole or in part against the claim be known to exist, it should be considered and all proper allowances made in estimating its taxable valuation.”
The district court in the case now before us proceeded to render the judgment, which the court of common pleas, in its opinion, should have given and in doing this valued the interest of Cameron in the judgment at its nominal value in 1876, 1877 and 1878, only deducting therefrom the amount of his attorney’s fees. In these years there was a proceeding in error, pending and undecided, in the supreme court, to reverse the judgment. By it important, novel, and difficult questions of law were raised and it was uncertain whether the judgment would be affirmed. This situation certainly lessened the value of the judgment during its pendency. In fact the petition averred that these things wholly destroyed the value of Cameron’s interest in the judgment, and when the district court acted the averments of the petition had not been denied.
Therefore we think that there was error in the judgment of that court for which a judgment of reversal is entered herein.

Judgment reversed.